IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAIR L. GETGEN, JR., | : | |
| | : | Civil Action No. 4:CV-07-00105 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

March 3, 2008

**BACKGROUND:**

On January 22, 2007, plaintiff Claire L. Getgen, Jr., proceeding pro se, filed the instant civil action pursuant to the Federal Tort Claims Act against defendant, the United States of America. Plaintiff alleges that he received negligent medical treatment at the Veterans Administration Medical Center in Wilkes-Barre, Pennsylvania.

The discovery deadline in this case was November 1, 2007. On November 15, 2007, defendant filed a "Motion to Dismiss Plaintiff's Complaint or in the Alternative for Summary Judgment." (Rec. Doc. No. 15.) On November 30, 2007, defendant filed a statement of material facts (Rec. Doc. No. 16) and a brief in support of its motion for summary judgment (Rec. Doc. No. 17).

1

On January 7, 2008, after plaintiff failed to respond to defendant's motion within the appropriate time period, we ordered plaintiff to file an opposition brief as well as an answer to defendant's statement of material facts and warned plaintiff that a failure to do so might result in a dismissal of the case for failure to prosecute. (Rec. Doc. No. 18.)

On January 28, 2008, plaintiff filed "Plaintiffs [sic] Answer to Defendants [sic] Brief in Support of Summary Judgment." (Rec. Doc. No. 19.) Also on January 28, 2008, plaintiff filed "Plaintiff's Answer to Defendant's Statement of Material Facts." (Rec. Doc. No. 20.) Now, for the following reasons, the court will grant defendant's motion and enter final judgment in favor of defendant.

**DISCUSSION:**

### I. Legal Standard

Because it appears that defendant's motion is primarily a motion for summary judgment as opposed to a motion to dismiss, we will only review the applicable standard for summary judgment. A district court may properly grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit.  Id.; Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material fact.  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) (citations omitted).  To meet this burden when the moving party does not bear the burden of persuasion at trial, the moving party must show that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir. 1987)); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  More simply put, a party moving for summary judgment who does not bear the burden of persuasion at trial is not required to negate the nonmovant's claim, but only point out a lack of evidence sufficient to support the nonmovant's claim.  Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1991).

To the contrary, when the moving party bears the burden of persuasion at trial, it must point to evidence in the record that supports its version of all material facts and demonstrate an absence of material facts. National State Bank v. Federal Reserve Bank, 979 F.2d 1579, 1582 (3d Cir. 1992). If the moving party does not meet this burden, the court must deny summary judgment even if the nonmoving party does not produce any opposing evidence. Id.

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that a issue of material fact remains. Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; rather the party must point to specific evidence in the record that creates a genuine issue as to a material fact. Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

## II. Analysis

In his complaint, plaintiff alleges a cause of action under the Federal Tort Claims Act based on back surgery he received on November 18, 1997 at the Veterans Administration Hospital in Wilkes-Barre, Pennsylvania. (Rec. Doc. No. 1, at 2.) On November 24, 1997, plaintiff alleges that he developed an infection as

a result of the surgery and was taken to the emergency room. (Id.) On December 2, 1997, in order to treat the infection, a debridement (removal of foreign material or dead tissue) was performed by a plastic surgeon at the VA Hospital. (Id. at 5.) On December 8, 1997, another debridement as well as a "6x10 cm V-Y advancement muscle flap reconstruction of Plaintiffs [sic] lower thorax" was performed. (Id.)

Plaintiff does not allege that the surgeons were negligent in permitting an infection to occur. (Id. at 4.) Rather, plaintiff alleges that it was negligent not to have a neurosurgeon present during the debridement on December 2 and the debridement and muscle flap reconstruction on December 8. (Id. at 5.) Furthermore, he alleges that these failures resulted in the plastic surgeon's not being able to go deep enough into the wound to thoroughly clean it. (Id.) Finally, he alleges that these failures have caused extreme pain over the course of the last ten years. (Id. at 6.)

The Federal Tort Claims Act provides for a cause of action against the United States for the negligent acts of its employees acting in the scope of their employment. 28 U.S.C. § 1346(b). It is well-established that a federal district court considering a FTCA action must apply the law of the state in which the alleged tort occurred. Turner v. Miller, 679 F.Supp. 441, 443 (M.D.Pa. 1987)

(Nealon, C.J.) (citing 28 U.S.C.A. § 1346(b)).  Thus, in the instant case, Pennsylvania's medical malpractice law applies because the alleged tort occurred in Pennsylvania.  To state a prima facie case of medical malpractice in Pennsylvania, a plaintiff must establish (1) a duty owed by the physician to the patient; (2) a breach of duty from the physician to the patient; (3) that the breach of duty was the proximate cause of, or a substantial factor in, bringing about the harm suffered by the patient; and (4) damages suffered by the patient that were a direct result of that harm.  Mitzelfelt v. Kamrin, 584 A.2d 888, 891 (Pa. 1990) (citations omitted).  Furthermore, under Pennsylvania law, the plaintiff must have an expert witness testify to a reasonable degree of medical certainty that the acts of the physician deviated from the standard of care and that this deviation was the proximate cause of the harm suffered.  Flanagan v. Labe, 666 A.2d 333, 335 (Pa. Super. 1995) (citations omitted).

     Defendant's motion seeks summary judgment based on plaintiff's failure to secure an expert witness to testify that the treatment received by plaintiff was below the applicable standard of care and that this treatment was the proximate cause of plaintiff's injuries. (Rec. Doc. No. 17, at 6-8.)  We agree that this warrants summary judgment.  Although plaintiff has alleged that the failure to have a neurosurgeon present for the debridement on December 2, 1997 and the

debridement and muscle flap reconstruction that occurred on December 8, 1997 was negligent, there is no evidence in the record to suggest that this is the case. As defendant correctly argues, this evidence must come in the form of an expert witness and plaintiff has failed to obtain one. Therefore, we find summary judgment to be appropriate because of plaintiff's inability to establish his <u>prima facie</u> case of medical malpractice.

Furthermore, we have considered whether to grant plaintiff an extension of time to secure an expert opinion and do not believe it would be appropriate. The discovery deadline in the instant case has passed. In fact, we granted a joint motion for a three-month extension of the discovery and dispositive motion deadline specifically so plaintiff could secure an expert witness and he failed to do so. (Rec. Doc. Nos. 13, 14.)

Finally, we have also considered whether it would be appropriate to seek counsel for plaintiff. As a preliminary matter, we note that we previously denied a request for counsel without prejudice on February 28, 2007. (Rec. Doc. No. 8, ¶ 12.) Furthermore, plaintiff appears to have renewed this request in his answer to defendant's statement of material facts, in which he states that he has difficulty concentrating due to medications he is taking and that he cannot present a fair defense to defendant's motion. (Rec. Doc. No. 20, at 2.)

We have authority to seek counsel for an indigent litigant in a civil case pursuant to 28 U.S.C. § 1915(e)(1), although we do not have the power or authority to appoint counsel. In <u>Tabron v. Grace</u>, the Third Circuit announced the factors that are to be considered by a district court in deciding whether to exercise its discretion and seek counsel for an indigent litigant in a civil case. 6 F.3d 147, 153 (3d Cir. 1993), <u>cert. denied</u>, 510 U.S. 1196 (1994). Under <u>Tabron</u>, the first consideration by a district court should be whether the petitioner's claim has "some merit in fact and law." <u>Parham v. Johnson</u>, 126 F.3d 454, 457 (3d Cir.1997) (citing <u>Tabron</u>, 6 F.3d at 157). Only after determining that the claim has some merit should the court consider these six additional factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue such an investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can obtain and afford counsel on his own behalf. <u>Id.</u> at 457-58 (citing <u>Tabron</u>, 6 F.3d at 155-56, 157 n. 5).

As to the threshold factor, we believe that there is no indication that petitioner's claim has merit in fact or in law. Plaintiff has not pointed towards any evidence, absent his own belief that a neurosurgeon was necessary for the

procedures, that it was negligent not to have a neurosurgeon present for the procedures or that this negligence caused plaintiff's injuries. This lay court certainly does not know which types of medical procedures require which types of surgeons. Therefore, we believe that the fact that there is no indication that plaintiff's claim has merit in fact or law warrants not seeking counsel for plaintiff. Furthermore, we note that this case is essentially a personal injury case and that these types of cases are often taken by attorneys on a contingent fee basis, so the fact that plaintiff is unable to afford counsel does not create the same barrier as would confront an indigent prisoner pursuing a civil rights claim from prison.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.    Defendant's "Motion to Dismiss Plaintiff's Complaint or in the Alternative for Summary Judgment" is GRANTED.  (Rec. Doc. No. 15.)

    2.    Final judgment is entered in favor of defendant and against plaintiff.

    3.    The clerk is directed to close the case file.

      s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge